Robert S. Blumberg, Bar No. 161649
rblumberg@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.:    310.553.5583

Attorneys for Defendant
AIR CANADA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE ROBERTS, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AIR CANADA, a corporation; KEVIN HOGAN, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**DEFENDANT AIR CANADA'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Los Angeles Superior Court Case No. 21STCV43952<br>Complaint Filed: December 1, 2021 |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT AIR CANADA'S NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**:

**PLEASE TAKE NOTICE** that Defendant Air Canada ("Defendant"), hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court, pursuant to 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), 1441(a) and 1446. Defendant will promptly file in said Superior Court its Notice to State Court of Removal of Civil Action to Federal Court.

This Notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332 based upon complete diversity of citizenship.

Defendant makes the following allegations in support of its Notice of Removal:

## I.

## JURISDICTION AND VENUE ARE PROPER

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of the state of California and a citizen of the nation of Canada and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. Plaintiff filed this action in the Superior Court of California, County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California because it is the district court where the state court action is pending. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391 and 1446.

## II.

## STATUS OF THE PLEADINGS

3. On or about December 1, 2021, Plaintiff André Roberts ("Plaintiff") filed a Complaint in the Superior Court of the State of California, in and for the County of Los Angeles, which is captioned as follows: *ANDRÉ ROBERTS, an individual, Plaintiff*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2    DEFENDANT AIR CANADA'S NOTICE OF REMOVAL

*v AIR CANADA, a corporation, KEVIN HOGAN, an individual; and DOES 1 through 50 inclusive, Defendants*, designated as case number 21STCV43952.

4.  The Complaint asserts the following five purported causes of action: (1) unlawful harassment in violation of California Fair Employment and Housing Act ("FEHA"); (2) unlawful retaliation in violation of FEHA; (3) unlawful retaliation in violation of Labor Code §1102.5; (4) failure to prevent discrimination in violation of FEHA; and (5) wrongful termination in violation of public policy.

5.  A copy of said Complaint was served by Notice and Acknowledgement on March 23, 2022. A true and correct copy of Plaintiff's Complaint, as well as a copy of all process and pleadings served in this action, are attached to the Declaration of Robert S. Blumberg ("Blumberg Decl."), ¶ 2, Exhibits A through K, pursuant to 28 U.S.C. § 1446(a).

6.  On March 28, 2022, Defendant filed a Case Management Conference Statement in Los Angeles Superior. A true and correct copy of Defendant's Case Management Conference Statement is attached to the Blumberg Declaration as Exhibit L. Blumberg Decl. ¶3. On March 29, 2022 Defendant timely filed and served an answer to Plaintiff's Complaint in Los Angeles Superior Court. A true and correct copy of Defendant's Answer is attached to the Blumberg Declaration as Exhibit M. Blumberg Decl. ¶3. Defendant has not filed any other pleadings in State Court.

7.  This Notice to Federal Court of Removal of Civil Action from State Court is timely filed pursuant to 28 U.S.C. § 1446 (b), which provides that such Notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based."

8.  To Defendant's knowledge, Plaintiff has not served any other defendant in this matter. Blumberg Decl., ¶ 4.

9.  Copies of this Notice of Removal, as well as the Notice of Filing of Notice of Removal, have been served upon Plaintiff's counsel and are being filed with the Clerk

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3

DEFENDANT AIR CANADA'S NOTICE OF REMOVAL

of the Superior Court of California, County of Los Angeles. Blumberg Decl., ¶6.

## III.
## BASIS OF REMOVAL

10. The Court has jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### A. Diversity of Citizenship Exists

11. In determining diversity jurisdiction, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As explained by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters." Air Canada is a Canadian corporation with its principal place of business in St. Laurent – a borough of the City of Montreal - Quebec, Canada. Defendant is, therefore, a citizen of a foreign state, Canada, as provided in 28 U.S.C. § 1332(c). *See* Blumberg Decl. ¶ 5.

12. Plaintiff alleges that he resides in the "State of California, County of Los Angeles. Complaint, ¶3. Citizenship of a natural person is established by domicile. 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled). A person's domicile is established by physical presence and an intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 749-51 (9th Cir. 1986); *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship). As such, Plaintiff resides in the state of California, and is a citizen of that State for purposes of this jurisdictional analysis. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4

DEFENDANT AIR CANADA'S NOTICE OF REMOVAL

13. Accordingly, because Plaintiff is citizen of California and Defendant is a citizen of a foreign state, Canada, complete diversity of citizenship exists between these parties.

### B. Unserved Defendants Can Be Disregarded

14. For purposes of removal, the citizenship of Doe Defendants are disregarded and only named defendants are considered. 28 U.S.C. § 1441(a); see *Newcombe v. Adolf Coors Co.*, 157 F. 3d 686 (9th Cir. 1998).

15. Defendant is informed and believe that none of the Doe Defendants in this case have been identified or served. Blumberg Decl. ¶4. Doe Defendants designated 1 through 50 are fictitious, are not parties to this action, have not been served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(a). *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

16. Likewise, fraudulently joined defendants need not join in a removal. (*See, e.g., Farias v Bexar County Board of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991); *Niami v. Federal Express Print Services*, 2010 U.S. Dist. LEXIS 37062, *7-10.) Nevertheless, to the extent required, Defendant Kevin Hogan, on whom service has not been effectuated, consents to the removal. *See,* Blumberg Decl. ¶4.

### C. Explanation Of Bases For Claim Of Fraudulent Joinder With Respect To Individual Defendant Kevin Hogan

17. It is respectfully submitted that the Court may disregard the citizenship of individual Defendant Kevin Hogan because he was fraudulently joined.

18. With respect to fraudulent joinder, a non-diverse party named in the state court action may be disregarded if the federal court determines that party's joinder is a "sham" or "fraudulent" so that no cause of action has been stated against that party. *McCabe v General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th. Cir. 2001) (non-diverse sham defendant named in state court action may be disregarded). In determining whether a defendant is fraudulently joined, courts may properly consider the allegations of the complaint and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5

DEFENDANT AIR CANADA'S NOTICE OF REMOVAL

facts presented by the defendant in its notice of removal. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (explaining that in determining whether joinder was fraudulent, the court will look at plaintiff's pleadings and evidence presented by defendant).

19. Here, there are two claims for relief alleged against Hogan, harassment and wrongful termination. Claims for "harassment" can theoretically be maintained against individuals. However, the allegations in Plaintiff's first claim for relief do not support a viable claim against Hogan. "The elements [of a prima facie claim of hostile-environment harassment] are: (1) plaintiff belongs to a protected group; (2) plaintiff was subject to unwelcome harassment; (3) the harassment complained of was based on [the protected category]; (4) the harassment complained of was sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment; and (5) *respondeat superior*." *Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 608, (1989) (footnote omitted). "Whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Miller v. Dept. of Corrections*, 36 Cal. 4th 446, 462 (2005)., citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993). A few isolated instances of allegedly discriminatory remarks or conduct are insufficient to establish a hostile environment. *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 434 (5th Cir. 1995); *Etter v. Veriflow Corp*, 67 Cal. App. 4th 457, 466 (1998) (isolated and sporadic offensive racial comments over six week period was not actionable harassment under FEHA).

20. The total of the allegations stated against Hogan are as follows: "Hogan made several derogatory comments about Jewish employees or employees he perceived as Jewish. For example, Hogan referred to an employee as the Canadian version of a Jewish American Princess (a derogatory slur)." Complaint ¶6. Plaintiff also vaguely

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6

DEFENDANT AIR CANADA'S NOTICE OF REMOVAL

1. states that Hogan did not object when another manager made a derogatory statement about a Jewish employee. Plaintiff's does not allege that he is Jewish, that he identifies as being Jewish, or that Hogan identified him as being Jewish. Rather, he states that he has "Jewish ancestry." *Id.* Further, Plaintiff specifically states that he never notified Hogan that anything Hogan said offended him. Complaint ¶7. Plaintiff does not allege that Hogan's alleged statements interfered with his ability to perform his work. Thus, Plaintiff's allegations do not meet even the minimal pleading standard for alleging the creation of a hostile or abusive work environment by Hogan.

21. Plaintiff also purports to name Hogan as a Defendant in his fifth claim for wrongful termination in violation of public policy. Plaintiff does not allege that Hogan was his employer. Therefore, he cannot be personally liable for his termination. It is well settled law that an individual manager cannot be liable for claims of wrongful termination. *Reno v. Baird*, 18 Cal. 4th 640, 645-646 (1998); *Janken v. G.M. Hughes,* 46 Cal.App.4th 55, 74 (1996); *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1173 (2008); *See also, McCabe v. General Foods*, 811 F.2d at 1339 (under California law, where conduct is alleged to have been in the course of employment, manager's privilege precludes individual liability, even if conduct was also motivated by bias or ill will); and *Kacludis v. GTE Sprint Communications*, 806 F. Supp. 866, 872 (N.D. Cal. 1992)(an individual manager cannot be liable for "the sort of activities protected by the manager's privilege" including the right to manage personnel (including hiring and firing) without fear of independent liability, absent concrete and specific allegations that such actions were entirely for the benefit of the individual.) Thus, Plaintiff's fifth claim cannot state a claim for relief as against Hogan.

### D. The Amount in Controversy Exceeds $75,000

22. Based on a reasonable reading of Plaintiff's Complaint, the amount in controversy is easily greater than $75,000, exclusive of interest and costs. Although Plaintiff's Complaint does not specify the total amount of damages claimed, the failure of the Complaint to specify the total amount of damages sought does not deprive this

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7

DEFENDANT AIR CANADA'S NOTICE OF REMOVAL

Court of jurisdiction. Defendant need only establish by a preponderance of the evidence that Plaintiff's claims exceed the jurisdictional minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

23. The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint). In addition to current damages, damage claim can include future damages. Front pay awards in California frequently span a number of years. *Rabaga-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years from the date of plaintiff's termination); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). The Ninth Circuit noted in an employment discrimination case, that amount in controversy includes any and all relief a court may grant based on a plaintiff's complaint.

> We conclude that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious. Applying that standard, the amount-in-controversy requirement is easily satisfied here, and we have subject matter jurisdiction over this action.

*Chavez v. JPMorgan Chase*, No. 16-55957, 2018 WL 1882908, at *7-8 (9th Cir. Apr. 20, 2018) (jurisdictional minimum was reached even where loss of earnings at time of removal was less than $75,000).

24. In each of his five claims, Plaintiff alleges that Plaintiff suffered economic

8   DEFENDANT AIR CANADA'S NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

injury including loss of earnings and employment-related opportunities. Complaint ¶¶12-13, 18-19, 24-25, 30-31 and 36. Plaintiff alleges that he last worked for Defendant in early 2020, more than two years ago. Complaint, ¶ 8. Plaintiff's annual salary was $87,000.00. Therefore, the amount in controversy on the alleged lost wages for back pay (for more than two years) is at least $174,000.00. Plaintiff also asserts an entitlement to future loss of earnings. *Chavez*, at *8, citing *Wysinger v Auto.Club of S. Cal.*, 69 Cal.Rptr.3d 1, 12 (Cal.Ct.App. 2007).

25.   In addition, in each of his claims, Plaintiff claims that he is entitled to non-economic damages for "humiliation, mental anguish, and emotional distress." Complaint ¶¶14, 20. 26, 32 and 36. If Plaintiff prevails, Plaintiff's claims for such non-economic damages could easily exceed $75,000. *See Richmond v. All State Insurance*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (emotional distress damages may be considered in the amount in controversy). Emotional distress damages in California often amount to well over $75,000 in cases with similar causes of action. *See, e.g., Widder v. State Farm Mutual Insurance Company, et al.*, Case No. 34-2011-00113417 (Sacramento Super. 2011) (jury award of $275,000 in emotional stress damages in action for disability discrimination and failure to accommodate); *Earl Wright v. City of Los Angeles, et al.*, 2013 WL 1385703 (2013) (jury awarded $1.2 million dollars for past and future emotional stress damages related to a finding of harassment and discrimination based on race);.

26.   Plaintiff alleges that he is entitled to recover attorneys' fees and costs pursuant to the provisions of the FEHA, including his first through fourth causes of action. *See,* Prayer for Relief, ¶(g). In actions brought under this statute, the court, in its discretion, may award to a prevailing plaintiff reasonable attorneys' fees. Cal. Govt. Code § 12960. Accordingly, Plaintiff's claim for attorneys' fees may be considered in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (recognizing that "where an underlying statute authorizes an award of attorneys' fees [. . .] such fees may be included in the amount in controversy."). In cases such as this, the claims for attorneys' fees could satisfy requisite amount in

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

9

DEFENDANT AIR CANADA'S NOTICE OF REMOVAL

controversy. *See e.g. Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $1,088,231); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (1986) (upholding $550,000 in attorneys' fees awarded under the FEHA).

27. Lastly, Plaintiff alleges that he is entitled to recover punitive damages as part of each of his claims. Complaint ¶¶15, 21, 27, 33, 37. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's alleged misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and defendant's net worth. *See Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). Punitive damages may also be included in calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *See also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994). In *Aucina*, the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages might alone exceed the jurisdictional minimum. *Aucina*, 871 F. Supp. at 334.

28. In order to satisfy the $75,000 amount in controversy requirement, the removing party need only demonstrate that the amount in controversy "more likely than not" exceeds $75,000. *Harding v. U.S. Figure Skating Ass'n*, 851 F.Supp. 1476, 1481 (D.Or. 1994) (remand to state court is not proper unless it appears to legal certainty that amount in controversy in diversity action is less than jurisdictional amount). Here, Plaintiff has asserted five causes of action, each of which purports to state claims for wage loss, severe emotional distress, attorneys' fees and punitive damages. Each of these elements of damages could exceed the requisite jurisdictional threshold.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10

DEFENDANT AIR CANADA'S NOTICE OF REMOVAL

29. Therefore, the amount in controversy exceeds the jurisdictional minimum of $75,000.

### E. Venue is Proper

30. Plaintiff was the station manager for Defendant at Los Angeles International Airport. Complaint ¶5, Blumberg Decl. ¶5. The acts and occurrences at issue in this matter occurred within this District. Accordingly, venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c)(2) and 1441(a).

## IV.

## NOTICE TO COURT AND PARTIES

31. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Los Angeles. Blumberg Decl., ¶ 6.

32. WHEREFORE, having provided notice as required by law and pursuant to §§ 1331, 1332, 1367, 1441, and 1446, the above-entitled action should hereby be removed from the Superior Court of the County of Los Angeles to this honorable District Court.

Dated:     March 30, 2022

LITTLER MENDELSON, P.C.

_____
Robert S. Blumberg
Attorneys for Defendant
AIR CANADA

4873-6126-4665.1 / 049225-1000

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11   DEFENDANT AIR CANADA'S NOTICE OF REMOVAL

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 633 West 5th Street, 63rd Floor, Los Angeles, California 90071. On March 30, 2022, I served the within document(s):

**DEFENDANT AIR CANADA'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

☒   **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below emailing to each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error.  My email address is npalencia@littler.com.

Daniel A. Reisman, Esq.
Erin Reisman, Esq.
REISMAN & REISMAN
8200 Wilshire Boulevard, #302
Beverly Hills, CA  90211
Telephone: 323.330.0580
Facsimile: 323.389.0694
E-Mail: dreisman@reismanlawoffices.com;
ereisman@reismanlawoffices.com

*Attorneys for André Roberts*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on March 30, 2022, at Los Angeles, California.

_____
Nora Palencia

4872-9369-5000.1 / 049225-1000

PROOF OF SERVICE